## No. 353
### SHEET MET. WORKER'S UNION v. NALTY
U. S. Appeals, 6th Circuit

No. 4269. Decided June 8, 1925

**1187. TRADE UNIONS—1. Pending negotiations for wage scale adjustment do not constitute a lockout.**

**2. Court will review action of union where they violate rights of member by expulsion or suspension.**

**777. MITIGATION—1. An offer, conditioned upon waiver of accrued claim, need not be accepted for purpose of mitigating damages.**

**2. Nor need there be a change of residence for purpose of mitigating accruing losses.**

MOORMAN, C. J.

Stephen Nalty, a member of the Pittsburg local of the Amalgamated Sheet Metal Workers International Alliance on moving to Cleveland, secured a transfer card from the Pittsburg to the Cleveland local union. He presented this card in April, 1921 for the purpose of identifying himself and with the expectation of procuring work in Cleveland. The constitution of the organization provides that transfers from one union to another "shall be recognized" in the union to which member desires to transfer.

The Cleveland local refused to admit Nalty, so he was unable to secure employment in that city. Subsequent requests for admission were also denied, so Nalty filed a claim with the executive committee for resulting loss of earnings.

In September, 1921, the Cleveland local advised Nalty that it would admit him if he waived his claim against them for the loss of earnings. This he refused to do, and in July 1922 the general executive committee finally disposed of the matter by entirely disallowing his claim. He brought this action for damages in the District and recovered judgment. On prosecution of error, the Circuit Court of Appeals held:

1. The provision in the constitution of the organization regarding recognition of transfers is mandatory upon the locals except in cases of strikes or lockouts.

2. Pending negotiations for adjustment of wage scale do not constitute a lock-out.

3. Where a member has been wrongfully suspended or expelled, contrary to the provisions of the constitution of an organization, the action of such organization is subject to a review by the court.

4. Nalty was not obliged to accept the offer of September 1921, conditioned upon his waiver of his claim, for the purpose of mitigating damages.

5. He owed no duty to the union to change his residence to a different city and obtain employment there for the purpose of mitigating damages.

Attorneys—Wm. J. Dawley, Day & Day, and J. P. Thompson for Union; Stanley & Horwitz for Nalty; all of Cleveland.

## No. 354
### DeRAN v. KILLITS, District Judge
U. S. Appeals, 6th Circuit

No. 4319. Decided Nov. 10, 1925

**887. PARTIES—Affidavit of disqualification does not in itself show petitioner to be a "party" to the proceedings.**

**675. JUDGES—Party acquiescing to adjudications for a long time, in disregard of affidavit of disqualification, not entitled to have judge disqualified.**

**747. MANDAMUS—Filing mandamus petition is sufficient to challenge propriety of further action by judge.**

DENISON, C. J.

April 15, 1921, Hal C. DeRan filed an affidavit in the matter of the bankruptcy of the H. G. Burfurd Co., attempting to disqualify the Hon. Judge John M. Killits from sitting in this case because of prejudice, setting himself up as a party to such bankruptcy proceedings.

This affidavit was stricken from the files and various matters regarding said bankruptcy were adjudicated by the Hon. Judge Killits without protest from DeRan for a period of about 18 months. Thereafter DeRan filed this writ of mandamus to compel reinstatement of said affidavit of prejudice. The Circuit Court of Appeals held:

1. The mere filing of an affidavit of disqualification alleging interest in bankruptcy does not show petition to be a "party" within provision of Judicial Code, Sec. 21, (Comp. St. Sec. 988) and the affidavit is ineffective where the record does not show him to be a substantial party.

2. After a party has acquiesced to further adjudication for years after affidavit of disqualification was stricken from files, without challenging the order striking same from files, he cannot have the judge disqualified.

3. The filing of a mandamus petition to reinstate affidavit of prejudice is sufficient to challenge the propriety of any further action by the judge in the bankruptcy involved.

Writ of mandamus dismissed.

Attorneys—F. S. Monnett, Columbus, and David B. Love, Fremont, for DeRan.